This suit brought by Edith M. Knowlton as substituted trustee for Walter E. Knowlton, the original trustee, as vendor against Sonfried Realty Corporation as vendee to compel specific performance of a contract to purchase real estate. There were numerous adjournments of the time fixed for the closing of title, during which time the present complainant was substituted for the original trustee who had made the contract, and additional payments were made on account of the purchase price. The contract provided that title was to be taken subject to existing leases. During the time covered by the various adjournments of closing of title, four additional leases were made by the owner and on the final closing date a deed was tendered by complainant which conveyed title subject to leases existing at that time, which of course would make title subject to these four leases executed during the pendency of the transaction. Defendant refused to accept this deed on the ground that these four leases constituted a defect in the title. Complainant filed this suit for specific performance and a subpoena was issued to the sheriff for service upon the defendant, but service was not actually effected for approximately a month. Prior to the filing of this suit and without the knowledge of complainant defendant assigned its rights under the contract to one Eileen O'Donnell, who after the filing of this suit but before service on process herein brought an action at law against complainant and Walter E. Knowlton as trustees and against each of them individually, for alleged breach of the contract of sale. Complainant now makes this application for an order adding Eileen O'Donnell as a party defendant and restraining her from prosecuting the action at law.
In my opinion the application should be granted. It is conceded that Eileen O'Donnell is a mere assignee, having paid no consideration for the assignment and she therefore has no greater rights than the Realty Corporation. While *Page 494 
an assignee under ordinary conditions is not a necessary or even a proper party to a suit for specific performance, here it is different since she has taken affirmative action and therefore is subject to a restraint the same as the assignor would be had the assignor brought the action at law.
The substantial question involved in this controversy is as to the effect of the provisions of the original contract of sale as modified by the various extensions given, with possible modifications thereof by conditions imposed at the time of the granting of the various written extensions, upon the right of the vendor to make additional leases during the time covered by the extensions. That question cannot be determined on a preliminary motion such as this, but if it be found on final hearing that the leases were executed under a valid right of the owner, the deed tendered was a compliance with the contract, and complainant would be entitled to a decree of specific performance. Such relief can, of course, be granted only in this court. All that the complainant could do in the action of law would be at most to defeat the claim of Eileen O'Donnell and no affirmative relief by way of damages or otherwise could be obtained against her. Since complainant was ignorant of the assignment and of course of the intention of the assignee to bring an action at law, complainant could not originally have made her a party nor asked for an injunction against her action at law. Complainant is clearly entitled to proceed with the suit for specific performance. In my opinion she should be placed in the same position as though she had commenced her suit after the action at law was filed and she is entitled to have all the proper parties before the court and to proceed in this suit so as to get the relief which she could not secure in the action at law.
An order will be advised making Eileen O'Donnell a party defendant, granting leave to amend the bill appropriately and enjoining the action at law. If application be made to add Edith M. Knowlton and Walter E. Knowlton individually and Walter E. Knowlton as trustee as additional parties defendant so that relief can be granted against if found to be proper, a provision to that effect will be inserted in the order. *Page 495